EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Marisol Ramos
Attorney for Plaintiff
(215)440-2619

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| | ) CIVIL ACTION NO. |
| Plaintiff, | ) |
| v. | )<br>)<br>)<br>) |
| ICT Group, | ) COMPLAINT |
| | ) |
| Defendant | ) JURY TRIAL DEMAND |
| | )<br>) |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, black, and to provide appropriate relief to Maria Hill who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that, ICT Group ("Defendant") discriminated against Maria Hill because of her race when it failed to promote her to the position of Assistant Director of ICT's Abbot Diabetes Care Program, while similarly situated white individuals who had similar issues were promoted. As a result of Defendant's racially discriminatory treatment, Ms. Hill suffered lost wages, emotional distress, and other damages.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,



1343, and 1345. This action is authorized and instituted pursuant to 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, ICT Group (Defendant Employer) has continuously been doing business in the State of Pennsylvania and the City Langhorne, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the initiation of the lawsuit, Maria Hill filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2004, Defendant Employer has engaged in unlawful employment practices at its Langhorne, Pennsylvania facility in violation of Section 703(a)(1), as amended, 42

U.S.C. § 2000e-3(a). Specifically, the Commission alleges that Defendant discriminated against Maria Hill, based on her race, black, by denying her a promotion as follows:

(a) Maria Hill, who is black, was initially hired by Defendant Employer on September 22, 2000 as a Program Manager servicing one of Defendant's clients in the Medical Marketing Servicing area.

(b) On July 2004, Maria Hill was assigned to manage the ICT's Abbot Diabetes Care Program.

(c) At all relevant times, Ms. Hill consistently exceeded performance expectations. For the period from May 2003 to May 2004, she received a rating of Outstanding. Ms. Hill received a merit increase that was commensurate with her performance.

(d) As a result of Ms. Hill's outstanding performance, Donna Chappell, Director of Client Services (black) recommended that she be promoted to Assistant Director of the ADC Program.

(e) Senior Vice President and General Manager of ICT's Heathcare Services, Mark Sobieski (white) agreed with Ms. Chappell's recommendation and approved Ms. Hill's promotion. Sobieski submitted his recommendation to Jack Kearnes (white), President of Global Operations.

(f) In August 2004, Mark Sobieski informed Ms. Hill that her promotion would not be approved because the ADC program implemented in July 2004 was in poor standing. Sobieski further stated to Ms. Hill that Jack Magee, Executive Vice President of Global Operations, perceived her as argumentative because of the way she responded to his inquiries during a meeting held to discuss the status of the ADC program.



(g)  Similarly-situated white individuals with challenges similar to those experiences in Ms. Hill's programs, and employees with less experience in the company were promoted.

8.  The effect of the practices complained of in paragraph 7(a)-(g) above has been to deprive Maria Hill of equal employment opportunities and otherwise adversely affect her status as an employee because of her race, black, in violation of Title VII.

9. The unlawful employment practices complained of in paragraph 7(a)-(g) were done with malice or with reckless indifference to the federally protected rights of Maria Hill.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from continuing to refuse promotion to individuals, and any other employment practice which discriminates on the basis of race.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities to black individuals, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Maria Hill by providing appropriate back pay with prejudgment interest to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination.



E.   Order Defendant Employer to make whole Maria Hill by providing compensation for past and future non pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 (a) through (g) above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

F.   Order Defendant Employer to pay Maria Hill punitive damages for its malicious and reckless conduct described in paragraphs 7 (a) through (g) above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION
Washington, D.C. 20507

*Jacqueline H. McNair*
Jacqueline H. McNair
Regional Attorney

*Judith A. O'Boyle*
Judith A. O'Boyle
Supervisory Trial Attorney

*Marisol Ramos*
Marisol Ramos
Trial Attorney
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
TEL. (215) 440-2619
FAX. (215) 440-2848
EMAIL marisol.ramos@eeoc.gov